UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

FILED
APR 26 2006
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

Dwight Devane Byrd                                        17992-057

*(Enter above the full name of the plaintiff or plaintiffs in this action).*     *(Inmate Reg.# of each Plaintiff)*

**VERSUS**                    CIVIL ACTION NO. 5:06-0302
                              *(Number to be assigned by Court)*

Perry Skaggs

*(Enter above the full name of the defendant or defendants in this action).*

## COMPLAINT

I.   **Previous Lawsuits**

   A.   Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

                              Yes _____   No _xx_

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

1. Parties to this previous lawsuit     N/A

   Plaintiffs: _____

   _____

   _____

   Defendants: _____

   _____

   _____

2. Court (if federal court, name the district; if state court, name the county):     N/A

   _____

   _____

3. Docket Number: ____N/A_____

4. Name of judge to whom case was assigned:

   _____N/A_____

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)

   _____N/A_____

   _____

6. Approximate date of filing lawsuit: ____N/A_____

7. Approximate date of disposition: ____N/A_____

II. Place of Present Confinement: __F.C.I. Beckley__

    A. Is there a prisoner grievance procedure in this institution?

          Yes __xxx__      No ____

    B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?

          Yes __xxx__      No ____

    C. If your answer is YES:

        1. What steps did you take? __All the way through the administrative process.__

        2. What was the result? __Denied because Debbie Stevens (Institutional Attorney) says a weapon was said to be found in my cell, which has no belongings in this case.__

    D. If your answer is NO, explain why not: __N/A__

III. Parties

(In item A below, place your name and inmate registration number in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

    A. Name of Plaintiff: __Dwight D. Byrd   #17992-057__

       Address: __P.O Box 350, Beaver, WV. 25813__

    B. Additional Plaintiffs and Address: ____

Case 5:06-cv-00302   Document 1   Filed 04/26/06   Page 4 of 17 PageID #: 4

(In Item C below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item D for the names, positions, and places of employment of any additional defendants.)

C. Defendant __Perry Skaggs__

is employed as __a correctional officer__

at __F.C.I. Beckley (P.O.B. 1280, Beaver, WV 25813)__

D. Additional defendants: ____

## IV. Statement of Claim

State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheet if necessary).

Perry Skaggs went to my cell to shake-down. He found an homemade engraver. He notified his superiors, who then confirmed that the item was in deed an engraver, not a weapon. Skaggs was called while I was in front of the Lt. and told of their finding. *In front of several inmates, P. Skaggs did willfully remove my personal property from my cell without my permission. To the tune of $688.25. I asked Skaggs to come into my cell and tell me where my property was, he came in and looked in my locker that I now had wide open, and smiled at me and stated "You know we don't take stuff like that". I asked him if anyone else had been in my locker and he replied "No". I again asked him where my property was and he said that the things that he "did" take were in the back and that he would go see about it. He then locked my cell and went home. I had the next officer to call Lt. Hickey as soon as he opened the cells. I also asked him to check the back for a visual on my property in which he did not see.

See the original paper-work...

**IV. Statement of Claim (continued):**

**V.   RELIEF**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Have Perry Skaggs pay for my personal property, ~~all cost for this process and~~ punitive damages for the items that can't be replaced.

## V. Relief (continued)

_____

_____

_____

_____

_____

## VII. Counsel

A. If someone other than a lawyer is assisting you in preparing this case, state the person's name:

   **Not at this time.**

B. Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?

   Yes _____    No **xxx**

   If so, state the name(s) and address(es) of each lawyer contacted:

   _____

   _____

   If not, state your reasons: **I'm trying to do this myself, but if it does not workout, I will seek an attorney.**

C. Have you previously had a lawyer representing you in a civil action in this court?

   Yes _____    No **XXX**

If so, state the lawyer's name and address:

_____N/A_____

_____

Signed this __13th__ day of __April_____, ~~19~~ 2006

*Dwight D. Byrd*

_____

Signature of Plaintiff or Plaintiffs

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
(Date)

*Dwight D. Byrd*
Signature of Movant/Plaintiff

_____
Signature of Attorney
(if any)

State of West Virginia
County of Raleigh
Subscribed and sworn to before me this /3 day of __April__,
20_06_. My commission expires
_____
Notary



OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
SCOTT TRAINUM
FEDERAL CORRECTIONAL INSTITUTION -- BECKLEY
POST OFFICE BOX 1280
BEAVER, WV 25813
My Commission Expires October 4, 2010

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: APRIL 5, 2006

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : DWIGHT DEVANE BYRD, 17992-057
      BECKLEY FCI     UNT: PINE     QTR: P08-429U
      P.O. BOX 1280
      BEAVER,  WV 25813


FOR THE REASONS LISTED BELOW, THIS CENTRAL OFFICE APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 393861-A1        CENTRAL OFFICE APPEAL
DATE RECEIVED   : MARCH 30, 2006
SUBJECT 1       : PERSONAL PROPERTY - INCL. CONFISCATION OR DESTRUCTION
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOUR APPEAL IS UNTIMELY. REGIONAL APPEALS (BP-10)
                 MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM
                 RESPONSE OR RECEIPT OF THE DHO REPORT. THIS TIME
                 INCLUDES MAIL TIME.

REMARKS         : WE CONCUR WITH THE REGIONAL OFFICE'S RATIONALE FOR
                  REJECTING YOUR APPEAL FOR BEING UNTIMELY.

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: FEBRUARY 15, 2006

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MID-ATLANTIC REGIONAL OFFICE

TO  : DWIGHT DEVANE BYRD, 17992-057
      BECKLEY FCI     UNT: PINE    QTR: P08-429U
      P.O. BOX 1280
      BEAVER, WV 25813


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 393861-R2        REGIONAL APPEAL
DATE RECEIVED  : FEBRUARY 6, 2006
SUBJECT 1      : PERSONAL PROPERTY - INCL. CONFISCATION OR DESTRUCTION
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU SUBMITTED YOUR REQUEST OR APPEAL TO THE
                 WRONG LEVEL. YOU SHOULD HAVE FILED AT THE
                 INSTITUTION, REGIONAL OFFICE, OR CENTRAL
                 OFFICE LEVEL.



```
                    REJECTION NOTICE - ADMINISTRATIVE REMEDY


DATE: JANUARY 17, 2006


FROM:   ADMINISTRATIVE REMEDY COORDINATOR
        MID-ATLANTIC REGIONAL OFFICE

TO   :  DWIGHT DEVANE BYRD, 17992-057
        BECKLEY FCI     UNT: PINE     QTR: P08-429U
        P.O. BOX 1280
        BEAVER,  WV 25813


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID        : 393861-R1        REGIONAL APPEAL
DATE RECEIVED    : JANUARY 13, 2006
SUBJECT 1        : PERSONAL PROPERTY - INCL. CONFISCATION OR DESTRUCTION
SUBJECT 2        :
INCIDENT RPT NO:

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  REGIONAL APPEALS (BP-10)
                 MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM
                 RESPONSE OR RECEIPT OF THE DHO REPORT.  THIS TIME
                 INCLUDES MAIL TIME.
```

*[Handwritten note:]* I Got this Rejection Notice 01-31-06 14 days after Dated

Appeal Inclosed

02-01-06

The envelope is dated Jan. 18, 2006

**U.S. Department of Justice**

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __BYRD, DWIGHT DEVANE__  __17992-057__  __PINE-B-UPPER__  __F.C.I. BECKLEY__
 LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

Part A—REASON FOR APPEAL    THE TIME ISSUE COMES BY WAY OF THE WARDENS WAY OF DOING THINGS.
(HELD) FELTS SIGNED THE BP-229(13), FOR 16DAYS AFTER HE SIGNED IT. THEREFORE, I RECEIVED
THE FORM ON THE 16DAY AT 8:03 pm, CONVENIENT FOR THE INSTITUTIONS" DIVERSION TACTIC.
THIS TACTIC MADE IT IMPOSSIBLE FOR ME TO MEET YOUR DEAD-LINE.

BP-229(13) Received 12-29-05 At 8:03 pm

BP-230(13) Received 01-31-06 14 days After the day it was

dated making it impossible to meet your Dead-Line (see the Trend)

I got this Jan. 18, 2006 Mail 01-31-06

02-01-06
DATE                                                                 Dwight D. Byrd
                                                                     SIGNATURE OF REQUESTER

Part B—RESPONSE



---

DATE                                                        GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                                  CASE NUMBER: _____

Part C—RECEIPT
                                                            CASE NUMBER: _____

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

_____
DATE                              SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL     BP-231(13)
USP LVN                                                                                APRIL 1982

```
DWIGHT DEVANE BYRD, 17992-057
BECKLEY FCI    UNT: PINE    QTR: P08-429U
P.O. BOX 1280
BEAVER, WV 25813
```

Recieved 12-29-05
8:03 pm
Counsolor Painter.

**REQUEST FOR ADMINISTRATIVE REMEDY**                    BEC-393861-F1

Your Request for Administrative Remedy received November 3, 2005, wherein you allege a Correctional Officer violated your rights on August 24, 2005, has been received. Specifically, you allege the Correctional Officer, following a cell search, intentionally gave some of your property to other inmates and threw some of it away, and that you were never provided a confiscation form. Based on your allegations, you are requesting unspecified compensation and a reprimand of the staff member for actions you allege were committed against you.

A review into your allegations could not be substantiated, as no evidence of a violation of your rights was discovered, nor was any provided by you.

As for your request for compensation, the Administrative Remedy Program does not provide for monetary relief. The proper procedure to seek monetary relief is under the Federal Tort Claims Act. A TORT claim form can be requested by submitting an Inmate Request to Staff Member to the Supervisory Attorney, Beckley Consolidated Legal Center.

Based on the above facts, I can find no basis for further administrative action. Your request for administrative relief is denied. If dissatisfied with this response, you may appeal to the Regional Director, Bureau of Prisons, Mid-Atlantic Region, 10010 Junction Drive, Suite 100-North, Annapolis Junction, Maryland 20701, within twenty (20) calendar days of the date of this response.

12/13/05
Date

Charles T. Felts, Warden

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Byrd, Dwight D. | [17992-057] | Pine B-Upper | F.C.I. Beckley, W.Va. |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST**

**NOTICE:** The Claimant, Dwight D. Byrd, brings this Administrative Remedy Process for the purpose of being a witness and victim of Criminal Activity done by Perry Skaggs, d.b.a. a Correctional Officer for F.C.I. Beckley, in Beaver, West Virginia; for his reckless involvement in the theft of personal (private) property, criminal dishonesty, disgraceful conduct, harassment, fraud, deceit, treachery of word, and violating his Oath of office contract/compact agreement, i.e., knowingly, intentionally and deliberately violating the provisions of [Title 18 USC §§ 241, 242, 1001], [5 C.F.R., part 735, subpart (H)], your B.O.P. Program Statement [PS 3420.09], and various Supreme Court decisions. The Claimant believes that the actions and omissions of the above named man, constitute a violation of the peace and dignity of the Claimant; by knowingly committing all said crimes and lying to his fellow officers/employees with the purpose and intent to unlawfully conduct an illegal search and seizure, to steal the Claimant's property, and give everything away without authority to do so, and without giving the Claimant a proper confiscation sheet/invoice for the list of items taken. [illegible] it would be unlawful for the Claimant not to report these facts to the proper authorities by way of this actual, constructive and sufficient notice with a Statement of Fact attached hereto, before future litigation, mass class action suite, or claim against the Bond of Perry Skaggs. **NOTICE TO AGENT IS NOTICE TO PRINCIPAL AND VIZ A VIZ: TAKE LAWFUL ADMINISTRATIVE NOTICE.**

October __, 2005 A.D.    [W.O.P. UCC 1-207, 1-103]    /s/ Dwight D. Byrd
DATE                                                    SIGNATURE OF REQUESTER

**Part B- RESPONSE**

RECEIVED
NOV 03 2005
BY:___

_____    _____
DATE                      WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                CASE NUMBER: 393861-F1
                                          CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

_____    _____
DATE                      RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                                BP-229(13)
                                                       APRIL 1982

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: **Byrd    Dwight D.**                          **17992-057**      **Pine B-Upper**    **F.C.I. Beckley**
      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A - REASON FOR APPEAL**   The response to my BP-229(13) was received on 12-29-05 at 8:03 pm. by counselor Painter of Pine A-Upper. As to a 3420.09 violation by P. Skaggs.

The wardens response has no merit to the crime committed by Skaggs. It's as if he didn't read the BP-229(13). No one ever said that Skaggs gave my property to another inmate at all. That's not even the issue here. The issue is that Skaggs did willfully and unlawfully take my personal property without my permission and with out following protocol as to confiscation of inmate personal property. (3420.09) Here you will find a list of my witness. (Did a blind man / person "so-call" review this case?)

Witnesses : Mitchell, C. #17305-056, Woods, J. #19327-057, Morin, #14563-056, Lattimore #00019-077, Bryant, #08488-030, Mills, #44819-083, Watson, 42561-083 ████████████, Allison, #15136-058, Wright, s. #19570-053, Vann, 03504-87 Muir, D. #12821-424, Hopkins, T. #04185-084

**Jan. 04, 2006**
DATE                                             *Dwight D. Byrd*
                                                           SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
JAN 13 2006
BUREAU OF PRISONS
MARO REGIONAL COUNSEL

RECEIVED
FEB - 6 2006
BUREAU OF PRISONS
MARO REGIONAL COUNSEL

DATE                                                                                                REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                               CASE NUMBER: _____

**Part C - RECEIPT**

                                                                                           CASE NUMBER: _____

Return to: _____
        LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION
SUBJECT: _____

      DATE                                             SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN                      PRINTED ON RECYCLED PAPER                                                      BP-230(13)
                                                                                                                    JUNE 2002

**Take Lawful Administrative Notice:**

Constructive statement of fact in the nature of request for Discovery/[Request for Administrativ Remedy-Attachment]/ Request for information and agreement to the legality of an unlawful theft of property. **To/Attention:** J. Dincher, D.B.A. a counselor for Pine B-U. Perry Skaggs, D.B.A. a correctional officer for F.C.I. Beckley. Charles T. Felts, D.B.A. Warden for F.C.I. Beckley in Beaver W.Va., and all agents, principals, and representatives in behalf of the B.O.P. I, Dwight D. Byrd, herein after affiant, being first duly sworn according to law, having first hand knowledge of the facts herein, and being competent to testify, do hereby affirm that the facts herein are true, correct, complete and not misleading. 1) On or about August 24, 2005, the affiant was called to the [Lt's] office at 1:30pm; due to the finding of an object that P. Skaggs found in the affiant's assigned cell. The affiant was questioned about the object (engraver) by [Lt.] Painter who determined it to be an engraver, not a shank. The affiant was then released to go back to his assigned work detail after Painter called P. Skaggs to notify him of his findings. As affiant waited outside VT/Unicor door, at the 2:00pm Rec. move, 4 inmates told him that P. Skaggs had taken 2 large bags of property from his cell. When affiant returned to his cell at re-call, he was meet by Skaggs, who smiled at him and told him that an inmate had told him that affiant had a shank. After Skaggs let affiant into his cell, affiant began to check his locker. Almost right away affiant noticed his radio & headset gone. That alarmed me. As affiant looked further he noticed several more items missing; family photo album, 64 bots. of paint, picture collection photo album, clippers, food, and other odds and ends. As Skaggs finished locking the doors, he was summoned to affiants' cell. Affiant ask Skaggs about his missing items. Skaggs smiled and said "You know that we don't take things like those." (All of this took place in my cell in front of my celly). I asked Skaggs had anyone else been in the cell, he replied "No, I was the only one in here." Skaggs then stated that the items that he did take, he had put in the back office-area and said he'd go back there to check for me — only to lock the door and walk out the door to go home. Upon being released after the 4pm count, I asked officer Gonzales to call the Lt. and he did. Lt. Hicky told him to have me see him at mainline. I asked Gonzales to just look in the back office-area to see if he could get a visual on my property. He did so, only to return to say "I didn't see anything back there." When called to Chow 5th, I went to Lt. Hicky and explained my issue. On the way back to the unit, I checked the gray trash-bins outside the units, A & B sides. Nothing!

8.25.05 Skaggs came to my cell, in a loud manner, telling me that inmates told him that I was writing him up as an act of retaliation. He said that I can file if I wanted to, but I wouldn't get any new items. Skaggs said that he'd be doing a memo as to what he had heard. I then told Skaggs that if he had anything else to say to me, say it with witnesses present. He then slammed my cell-door and walked off.

8.28.05. At 12:57pm, I was told of an inmate selling some paint. When the inmate came in on the 2pm Rec. move I asked him about the paints in question. I explained that I had 64 bots. missing and would like to see the ones he has. He let me see the ones he had. In his cell, it was determined that they were part of the 64 bots. missing. He told me that he and another inmate had found them in the trash-bin outside the Pine unit Friday. (The same bins I checked Wednesday the day in question) I kept the 3 bots. and took my findings to Lt. Kelaman on the 3pm Recall move. She told me to see Snow (unit mgr) the next day - Monday.

8.29.05 At approximately 3:25pm, I spoke with Snow (unit mgr). Snow stated that "he knew that I had gotten all my property back, because inmates told him so." When I told him that I swore on the Bible that I hadn't, He said "Let me step-back before lighting strikes." At the beginning of the conversation with Snow, he didn't even know what I was talking about, until I filled him in. He said that the only info. he had about the issue was from Lt. Kelaman. He then started attacking me about the fact that I was keeping a ledger of the events as to this case concerning Skaggs. At 5:35pm, in the chow-hall, I spoke with another inmate that had also found some of the paints in the gray trash-bins outside Pine Unit at the later part of the week. I told Lt. Hicky of the findings as he stood mainline at that time. (A list of witnesses upon request, as to Skaggs taking bags of property from my cell.

10-31-05    Dwight D. Byrd

U.S. Department of Justice
Federal Bureau of Prisons
*Mid-Atlantic Regional Office*

*10010 Junction Drive, Suite 100-N*
*Annapolis Junction, MD 20701*

Official Business